IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PATRICK MAHONEY,**

    **Plaintiff,**

  v.                                **Civil Action 2:24-cv-4043**
                                      **Judge Michael H. Watson**
                                      **Magistrate Judge Kimberly A. Jolson**

**JORDAN MICKA, et al.,**

    **Defendants.**

## OPINION AND ORDER

The parties' Stipulated Motion to Seal Filed Documents And/Or Redact (Doc. 16) is before the Court. In it, the parties seek to seal, in its entirety, Exhibit 1 to the Complaint, which is the Membership Interest Purchase Agreement ("Purchase Agreement") underlying this breach-of-contract action. (*Id.* at 3). The parties say the Purchase Agreement should be sealed because it contains "confidential business information." (*Id.* at 4). More specifically, it includes "information related to LOWGLOW's assets and liabilities" that "may provide a substantial advantage to competitors and could cause significant and irreparable harm to LOWGLOW." (*Id.*).

The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-cv-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016)). Accordingly, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179–80 (6th Cir. 1983)). Parties who move to seal or redact documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the

interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). A moving party must also analyze "document-by-document, line-by-line" whether the materials meet this standard for sealing or redaction. *Shane Grp., Inc.*, 825 F.3d at 305–306.

Here, the parties have not made the required "document-by-document, line-by-line" showing. *Id.* Instead, they merely say that the Purchase Agreement contains information that could put Defendant Jordan Micka's limited liability corporation, LOWGLOW, at a competitive disadvantage. (Doc. 16 at 4; *see also* Doc. 1 at ¶ 3). But, as noted, the public has a right to access the Court's records, and that right is not limited by a party's conclusory wishes. *See, e.g.*, *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2025) (saying "a party's mere assertion of its interest in confidentiality" is not enough to warrant sealing court records); *Shane Grp., Inc.*, 825 F.3d at 308 ("[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." (quotation omitted)); *see also* Fed. R. Civ. P. 5.2 (allowing for very limited redactions in court filings). Instead, "the proponents of secrecy must show that 'disclosure will work a clearly defined and serious injury.'" *Grae*, 134 F.4th at 932 (quoting *Shane Grp., Inc.*, 825 F.3d at 307)).

The parties do not identify any specific injury that could be caused by the Purchase Agreement's disclosure. (Doc. 16 at 3–4). Instead, they offer only "[p]latitudes about competitively sensitive information" and "bald assertions that disclosure" would harm LOWGLOW's "competitive position." *Grae*, 134 F.4th at 932 (internal quotation and quotation marks omitted). Such generalities are not enough to establish a compelling interest in the Purchase Agreement's non-disclosure. *Id.*

What's more, the Purchase Agreement was filed with the original Complaint eight months

2

ago and has been on the public docket since that date.  (Doc. 1 (filed on October 9, 2024)).  The parties do not say Defendants or LOWGLOW have suffered any injury as a result.  (Doc. 16 at 3–4).  And at base, the parties do not have a compelling interest in sealing information that is already publicly available.  *See S.R.X. v. Fleming*, No. 3:20-cv-126, 2020 WL 12991127, at *3 (W.D. Ky. Apr. 24, 2020) ("The Court finds no compelling interest exists to seal materials that are already publicly available."); *Ecolab, Inc. v. Ridley*, No. 1:22-cv-050, 2023 WL 11762683, at *3 (E.D. Tenn. July 13, 2023) (denying a request to seal an attachment that had been "part of the public record of a court hearing" for four months).

      In sum, the parties have not detailed why the exhibit should be sealed or provided the required analysis under *Shane Group* and its progeny.  Therefore, the Motion (Doc. 16) is **DENIED without prejudice**.  The parties are reminded that they must file a joint status report on their settlement efforts on or before June 9, 2025, unless the case is dismissed before that date.  (Doc. 15).

      IT IS SO ORDERED.


Date:   June 3, 2025                              /s/ Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE